UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE T. ATMORE,

    Applicant,

v.                                                 CASE NO. 8:23-cv-1820-SDM-NHA

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

    Atmore applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for aggravated battery on a law enforcement officer and resisting arrest with violence, for which Atmore is imprisoned for thirty years. The respondent argues (Doc. 7) that the application is time-barred. Atmore admits in both his application (Doc. 1 at 124) and in his amended reply (Doc. 9) that the application is untimely but argues what is essentially an entitlement to equitable tolling of the limitation.

    Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

**Timeliness:**

The untimeliness of the application is not disputed. Atmore's conviction became final in 2018, but because he filed a motion under Rule 3.850 for post-conviction relief before the limitation started, Atmore's limitation did not start until the post-conviction mandate issued on March 23, 2021. (Respondent's Exhibit 26) Absent tolling for another timely post-conviction application in state court, the federal limitation barred his claim one year later on March 24, 2022. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (applying "the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run," as "suggested" in *Ferreira v. Sec'y, Dept. of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007)). Atmore's one-year limitation expired because he did not timely file another post-conviction proceeding to toll the limitation, and his Section 2254 application filed in August 2023 is more than a year late.

Atmore filed three additional post-conviction proceedings, but none tolled the federal limitation. Although in 2021, before the limitation expired, Atmore filed two proceedings in state court, neither tolled the limitation because neither was a "properly filed" proceeding that challenged his conviction or sentence. Atmore's third proceeding, filed after the federal limitation expired, failed to toll the limitation.

First, Atmore filed a paper with the state appellate court that is captioned as a petition for leave to file a belated appeal, but Atmore was actually requesting leave to file an untimely application for the writ of habeas corpus based on ineffective assistance of appellate counsel. (Respondent's Exhibit 28) The state court denied Atmore's request. (Respondent's Exhibit 29) The proceeding failed to toll the federal limitation because, as *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (11th Cir. 2015), explains, (1) "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)" and (2) "an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review."

Second, Atmore filed a paper with the state appellate court that is captioned as an application for the writ of habeas corpus under 28 U.S.C. § 2254. (Respondent's Exhibit 33) The state court construed the paper "as a petition alleging ineffective assistance of appellate counsel filed under Florida Rule of Appellate Procedure 9.141(d)" and dismissed the petition as untimely. (Respondent's Exhibit 34) Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." As *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." As a consequence, only an application timely filed under state law tolls the federal

- 3 -

limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."); *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*); and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."). Consequently, the untimely, construed petition alleging ineffective assistance of appellate counsel failed to toll the federal limitation.

Third, Atmore filed a paper with the post-conviction court that is captioned as a "petition for writ of habeas corpus original jurisdiction." (Respondent's Exhibit 38) The state court construed the paper as requesting both post-conviction relief under Rule 3.850 and correction of an illegal sentence under Rule 3.800. The court dismissed the paper as untimely under Rule 3.850 and meritless under Rule 3.800. The paper afforded Atmore no tolling of the federal limitation because he filed the paper on April 18, 2022, nearly a month after the limitation expired on March 24, 2022. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Because the federal one-year limitation had already

expired, the state motion to correct sentence failed to toll the federal limitation to allow Atmore to file a future federal action.

**Equitable Tolling:**

Atmore's asserted entitlement to a review on the merits is arguably a claim that the limitation was equitably tolled. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Atmore must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Atmore must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced

extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Atmore contends that he timely filed an application under Section 2254 but erroneously filed the application with the wrong court. The paper (Respondent's Exhibit 33) that Atmore filed with the state appellate court in May 2021 was prepared on the standard form for applying for a writ of habeas corpus under Section 2254 in a United States District Court, but he filed that application with the state appellate court, which lacks jurisdiction over an action under Section 2254. Consequently, the state court construed the paper as seeking relief under Rule 9.141(d), Florida Rule of Appellate Procedure, over which the state appellate court had jurisdiction. Atmore admits that he filed the application with the wrong court, but he faults the state appellate court for not transferring the action to this federal court, which would have had proper jurisdiction under Section 2254. Atmore is not entitled to equitable tolling because, as stated above, Atmore must show extraordinary circumstances that were both beyond his control and unavoidable even with diligence. The state court had no obligation to correct Atmore's error.

Atmore's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Atmore and **CLOSE** this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Atmore is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Atmore must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Atmore is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Atmore must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE